JOSEPH WARNER *v.* T. F. HAZELRIGG'S ADMR.

**Appeal and Error—Final Orders—Exceptions to Commissioner's Report.**
    The overruling of exceptions to a commissioner's report, rejecting the claim of the litigant, is not a final order, from which an appeal will be allowed.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 12, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

The commissioner in his report in this case (it being a petition in equity for the settlement of the estate of Hazelrigg) reports adversely to the claim of the appellant Warner. Exceptions were filed by Warner to that part of the report excluding his claim and those exceptions were overruled. From the order overruling the exceptions, this appeal is prosecuted. An appeal cannot be prosecuted from a judgment or order that is not final and in the case of *Apperson v. Bondurant, 4 Metcalf, page 30,* this court decided that although a question of law and fact relating to final relief had been decided, still to make it complete the judgment must give the relief asked for. In the case, supra, the court adjudges that, "upon all the bills where Bondurant was an original party, whether as drawer or endorser, he must share equally the loss with Anderson and such is the judgment of the court upon the question involved." This court held that such a judgment was not final and dismissed the appeal in the case of *Philips v. Alcorn, 4 J. J. Marshall, page*

*38.* Alcorn filed his bill in chancery to foreclose a mortgage and the court below adjudged that Philips should pay the money due Alcorn on or before the 1st day of the succeeding term of the court. Philips appealed to this court and his appeal was dismissed, the court deciding that it was within the power of the court below, at the succeeding term to set aside the interlocutory judgment and refuse to foreclose the mortgage, and therefore the judgment was not final. In the present case there has been no confirmation of the commissioner's report and if there had been, the circuit judge in making a final disposition of the case in the court below, upon becoming satisfied that the exceptions were improperly overruled would have the power to grant the relief, and allow the claim. It is the duty of the court below to reject all claims improperly allowed by the commissioner although there are no exceptions filed, and this court will reverse a cause where the commissioner has improperly allowed claims although exceptions were taken in the court below. The order in this case not being final, the appeal is dismissed.

*Simpson, Brock, Turner & Cornelison, for appellant.*

*Hazelrigg, Apperson & Reid, for appellee.*